UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
OCT 24 2012
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

JAMES AND KIM GATTARI,

    Plaintiffs,

v.

Case No. 12-13024

Hon. John Corbett O'Meara

SAXON MORTGAGE SERVICES, INC., and
HSBC BANK USA, NATIONAL ASSOCIATION,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court is Defendant HSBC Bank's motion to dismiss, in which Defendant Saxon Mortgage has joined. The court heard oral argument on October 18, 2012, and took the matter under advisement. For the reasons explained below, Defendants' motion is granted.

## BACKGROUND FACTS

This is a mortgage foreclosure case. On August 16, 2005, Plaintiffs James and Kim Gattari granted a mortgage to MERS as nominee for Pathway Financial LLC. The Gattaris defaulted on their mortgage. A foreclosure sale was held on October 29, 2010, but the sale was declared to be void *ab initio* on June 1, 2011.

On July 20, 2011, MERS (as nominee for Pathway) assigned the mortgage to Defendant HSBC. This assignment was recorded at the Macomb County Register of Deeds on August 25, 2011. In the meantime, however, Defendant Saxon Mortgage, the servicer of the loan, sent a mortgage default notice to Plaintiffs on August 4, 2011, pursuant to M.C.L. 600.3205a(1). HSBC did not send Plaintiffs a default notice pursuant to M.C.L. 600.3205a(1).

HSBC published notice of the foreclosure sale in the Macomb County Legal News in November 2011. The property was sold at a sheriff's sale on December 8, 2011; the sheriff's deed identifies HSBC Bank as the mortgagee. HSBC purchased the property at the sale for $170,000. The redemption period expired on June 8, 2012, the same day Plaintiffs filed this lawsuit to quiet title. Plaintiffs have not attempted to redeem the property.

## LAW AND ANALYSIS

Defendant HSBC has filed a motion to dismiss, arguing primarily that Plaintiffs do not have standing to challenge the foreclosure sale, because the redemption period has expired. See e.g., Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster v. MERS, Inc., 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (noting that Michigan law "bar[s] former owners from making any claims with respect to foreclosed property after the end of the redemption period").

In order to overcome this hurdle and toll the redemption period, Plaintiffs must demonstrate fraud or irregularity in connection with the foreclosure sale. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted). See also Sweet Air Investment, Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) ("[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure

sale aside."). "The purported defect must be in the sale process itself." Pettey v. Citimortgage, Inc., 2012 WL 3600342 at *6 (E.D. Mich. Aug. 21, 2012) (citation omitted).

Plaintiffs contend that (1) the assignment to HSBC was not recorded before foreclosure proceedings were initiated, thus rendering the foreclosure proceedings void; and (2) the sheriff's deed and accompanying affidavits were improperly notarized.

Foreclosure by advertisement is governed by statute. See M.C.L. 600.3204. A party may foreclose by advertisement if various conditions are met, including "[t]he mortgage containing the power of sale has been properly recorded" and "the party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." M.C.L. 600.3204(1)(c), (d). The statute further provides: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist *prior to the date of sale* under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. 600.3204(3) (emphasis added).

Courts have permitted challenges to foreclosure sales to proceed when the foreclosing party did not have an interest in the indebtedness at the time foreclosure proceedings were initiated, as required by M.C.L. 600.3204(1)(d). In Davenport v. HSBC Bank USA, 275 Mich. App. 344, 347-48 (2007), the defendant published its first notice of foreclosure proceedings before the mortgage was actually assigned to it. The Michigan Court of Appeals found that this was not just a defect in fulfilling the statutory notice requirement, but "a structural defect that goes to the very heart of defendant's ability to foreclose by advertisement in the first instance." Id. at 347. Because the defendant did not have the statutory authority to foreclose, the "foreclosure proceedings were void *ab initio*." Id. at 348. The court held the foreclosure sale to

be void even though the defendant did obtain an assignment four days after the first notice was published and prior to the sheriff's sale. "In short, under *Davenport*, to satisfy the requirements of MCL 600.3204, a foreclosing entity must establish that it has a mortgage interest in the property at the time it initiates foreclosure by advertisement, *and* at the time of the mortgage sale." Everbank v. Zeer, 2012 WL 1890184 (Mich. App. May 24, 2012). See also Rainey v. U.S. Bank Nat'l Assn., 2011 WL 5075700 (E.D. Mich. Oct. 25, 2011) (Lawson, J.).

In this case, the notice of foreclosure was sent to Plaintiffs and published in the Macomb County Legal News on August 4, 2011. The notice of foreclosure sent to Plaintiffs did not reference HSBC, but the servicer, Saxon Mortgage. At the time the notice was sent, however, HSBC did have an interest in the indebtedness, having obtained it via assignment on July 20, 2011. The fact that HSBC's interest was not recorded until August 25, 2011, does not affect its ability to initiate foreclosure proceedings, so long as HSBC actually had an interest in the indebtedness at the time of initiation and recorded that interest prior to the date of the sale. See Presser v. Federal Nat'l Mortgage Assn., 2012 WL 3020092 at *3 (E.D. Mich. July 24, 2012) ("Because the assignment was executed before publication of the notice and recorded before the July 7, 2010 foreclosure sale, defendants have met the requirements of MCL 600.3204."); Gathing v. MERS, Inc., 2010 WL 889945 at *15 (W.D. Mich. Mar. 10, 2010). This case is distinguishable from Davenport and Everbank, where the banks initiating foreclosure did not have an interest in the indebtedness at the time.

Here, at most, HSBC (as opposed to Saxon) did not send a notice to Plaintiffs under M.C.L. 600.3205a(1). This type of notice defect is insufficient to void a foreclosure sale after the redemption period has expired. See M.C.L. 600.3205a(5) ("A borrower on whom notice is

required to be served under this section who is not served and against whom foreclosure proceedings are commenced under this chapter may bring an action in the circuit court for the county in which the mortgaged property is situated to enjoin the foreclosure."). The statute permits Plaintiffs to attempt to enjoin the foreclosure sale; here, the foreclosure sale occurred on December 8, 2011, and cannot now be enjoined. See Galati v. Wells Fargo Bank, 2011 WL 5178276 at *7 (E.D. Mich. Nov. 1, 2011). Further, Plaintiff have not alleged any prejudice resulting from this notice defect, for example, that the defect in notice "(1) prevented them from making a bid at the sale; (2) that they possessed the funds to outbid the highest bid let alone to pay the entire unpaid balance owing on the loan; (3) that they attempted to redeem the property during the redemption period; or (4) that they were prejudiced in any other way." Kanouno v. Sunstrust Mortgage, Inc., 2011 WL 5984023 at *6 (E.D. Mich. Nov. 30, 2011). See also Brezzell v. Bank of America, N.A., 2011 WL 2682973 at *5 (E.D. Mich. July 11, 2011) (failure to receive notice insufficient to set aside foreclosure sale).

Plaintiffs also contend that there are irregularities in the affidavits accompanying the sheriff's deed; for example, they were improperly notarized or signed by persons without personal knowledge of the facts. Accepting that such defects exist, they are insufficient to warrant setting aside the sale. See Pettey v. Citimortgage, 2012 WL 3600342 at *9 (E.D. Mich. Aug. 21, 2012) (finding defective affidavits insufficient to set aside sale because the "challenged affidavits were neither mandatory nor a necessary prerequisite to foreclosure"). See also M.C.L. 600.3256 (providing that party "desiring to perpetuate the evidence of any sale . . . *may* procure" affidavits); Smith v. Bank of America, N.A., 2012 WL 1657349 at *3-4 (W.D. Mich. 2012) (alleged failure to comply with statutory notarization requirements insufficient to demonstrate

fraud or irregularity in foreclosure sale).

In sum, Plaintiffs have not alleged fraud or irregularity in the foreclosure sale sufficient to overcome the fact that the redemption period has expired and all of their rights and title to the property have been extinguished. Plaintiffs are barred under Michigan law from making any claims to the property after the redemption period. Accordingly, the court will grant Defendants' motion to dismiss.

## ORDER

IT IS HEREBY ORDERED that Defendants' July 26, 2012 motion to dismiss is GRANTED and Plaintiffs' complaint is DISMISSED.

Dated: October 24, 2012

John Corbett O'Meara
United States District Judge